**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

DEC 1 0 2020

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Segura, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Starbucks Corporation and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Additional Parties Attachment Form is attached.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Marin County Superior Court
3501 Civic Center Drive, San Rafael, CA , 94903

CASE NUMBER: *(Número del Caso):*
CIV 2 0 0 3 3 8 0

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward J. Wynne, 80 E. Sir Francis Drake Blvd., Ste 3G, Larkspur CA 94939

| DATE: *(Fecha)* | DEC 1 0 2020 | JAMES M. KIM | Clerk, by *(Secretario)* | J. SEGURA | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Starbucks Corporation**

under: ☒ CCP 416.10 (corporation)　☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EX. A, PAGE 2



FILED

DEC 1 0 2020

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Segura, Deputy

EDWARD J. WYNNE, SBN 165819
ewynne@wynnelawfirm.com
GEORGE R. NEMIROFF, SBN 262058
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile:  (415) 461-3900

*Attorneys for Plaintiffs and the Class*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MARIN

| | |
|---|---|
| Amanda Brekke, Omar Garland, Casey McKay, and Jordone Shane-Sanchez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Starbucks Corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. ᐸIV 2003380<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) **Failure to Compensate for All Hours Worked (Cal. Labor Code §§ 200, 204, 1194, and 1198)**<br>(2) **Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197)**<br>(3) **Failure to Pay Overtime Wages (Cal. Labor Code §§ 200, 510, 1194)**<br>(4) **Failure to Provide Accurate, Timely, and Itemized Wage Statements (Cal. Labor Code §§ 226, 1174, 1174.5)**<br>(5) **Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br>(6) **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Amanda Brekke, Omar Garland, Casey McKay, and Jordone Shane-Sanchez, on behalf of

themselves and all others similarly situated ("Plaintiffs"), complain and allege as follows:

### I. INTRODUCTION

1.　This is a class action against Defendant Starbucks Corporation ("Starbucks" or

"Defendant") to challenge its policies and/or practices of (1) failing to compensate Plaintiffs and

EX. A, PAGE 3

1    all employees similarly situated for all hours worked; (2) failing to pay Plaintiffs and all

2    employees similarly situated minimum wage as required by California law; (3) failing to pay

3    Plaintiffs and all employees similarly situated overtime wages; (4) failing to provide Plaintiffs

4    and all employees similarly situated accurate, itemized wage statements; and (5) failing to timely

5    pay Plaintiffs and all employees similarly situated wages owed upon the termination of

6    employment.

7         2.    Plaintiffs seek unpaid wages and interest thereon, declaratory and equitable relief,

8    and reasonable attorneys' fees and costs under Cal. Labor Code §§ 200, 204, 1194, and 1198;

9    Cal. Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Cal. Labor Code §§ 200, 510, 1194;

10   Cal. Labor Code §§ 226, 1174, 1174.5; Cal. Lab. Code §§ 201-203; Cal. Bus. & Prof. Code §

11   17200 *et seq.* on behalf of Plaintiffs and all other individuals who are or have been employed as

12   Store Managers and Assistant Store Managers and paid an hourly wage (collectively

13   "Managers") by Defendant in California during the four years prior to the filing of this action.

14   As more fully described herein, Plaintiffs and similarly situated Managers employed by

15   Defendant during the Class Period as defined below (hereinafter "Class Members") worked off-

16   the-clock without compensation pursuant to Defendant's policies and/or practices.

17        3.    Plaintiffs and Class Members (as defined below) managed and were responsible for

18   Starbucks locations in California.  Even when they were away from the store and off-the-clock,

19   Defendant expected and required Plaintiffs and Class Members to address issues that occurred

20   inside Starbucks locations as they arose or were related to the Starbucks location's general

21   operations. In meeting these expectations, Plaintiffs and Class Members  were required to use

22   their cell phones while away from the store and off-the-clock to: use the Starbuck's GroupMe

23   group chat application or similar application ("GroupMe App") to receive, review and respond to

24   messages from other Starbucks employees, including their direct supervisors; use the Workplace

25   application ("Workplace App") to receive, review and respond to company news and

26   announcements; receive, review and respond to calls or texts from Starbucks employees;  receive,

27

28

1  review and respond to calls or texts from their supervisors regarding issues such as scheduling

2  and staffing; participate in conference calls; and post on Starbucks' social media accounts.

3      4.    The "Class Period" is designated as the period from four years prior to the filing of

4  this Complaintthrough the date the Court grants class certification.  The violations of California

5  law alleged herein and as described more fully below have been ongoing for at least the past four

6  years, are continuing at present, and will continue unless and until enjoined by the Court.

## II. JURISDICTION

8      5.    This Court has personal jurisdiction over Defendant because Defendant does

9  business in California, Plaintiffs are residents of California, and Plaintiffs' claims against

10  Defendant are directly tethered to Defendant's contacts with the State of California.

11      6.    This Court has general jurisdiction over Plaintiffs' and Class Members' Labor

12  Code claims. This Court also has jurisdiction over Plaintiffs' and Class Members' claims for

13  penalties in violation of the Labor Code pursuant to Business and Professions Code § 17202, as

14  well as pursuant to the applicable Labor Code provisions.

## III. VENUE

16      7.    Venue is proper in this County pursuant to Code of Civil Procedure § 395(a).

17  Defendant conducts business in Marin County and one or more the named Plaintiffs worked for

18  Defendant in Marin County. A substantial portion of the events giving rise to the causes of action

19  herein occurred in Marin County.

## IV. PARTIES

21      8.    Plaintiff Amanda Brekke ("Brekke") resides in Santa Rosa, California.  Plaintiff

22  Brekke was employed by Defendant from approximately November 2016 to February 2019.

23  During the Class Period, from November 2016 to July 2017, Plaintiff Brekke worked as an

24  Assistant Store Manager for Defendant in Santa Rosa, California. From July 2017 to February

25  2019, Plaintiff Brekke worked as a Store Manager for Defendant in Novato, California. During the

26  Class Period, Plaintiff Brekke was subject to Defendant's off-the-clock policies and/or practices

27  set forth herein.

28

- 3 -
CLASS ACTION COMPLAINT

1    9.    Plaintiff Omar Garland ("Garland") resides in Manhattan Beach, California.

2    Plaintiff Garland was employed by Defendant from approximately September 2018 to April 2019.

3    During the Class Period, he worked as a Store Manager for Defendant in Los Angeles, California.

4    During the Class Period, Plaintiff Garland was subject to Defendant's off-the-clock policies and/or

5    practices set forth herein.

6    10.    Plaintiff Casey McKay ("McKay") resides in Santa Clarita, California. Plaintiff

7    McKay was employed by Defendant from approximately October 2017 to August 2020. During

8    the Class Period, he worked as a Store Manager for Defendant in Burbank and Santa Clarita,

9    California. During the Class Period, Plaintiff McKay was subject to Defendant's off-the-clock

10   policies and/or practices set forth herein.

11   11.    Plaintiff Jordone Shane-Sanchez ("Shane-Sanchez") resides in Berkeley,

12   California.  Plaintiff was employed by Defendant from approximately 2016 to December 2018.

13   During this period, he worked as an Assistant Manager and Store Manager for Defendant in San

14   Bruno, San Francisco, and Daly City, California. During the Class Period, Plaintiff Shane-

15   Sanchez was subject to Defendant's off-the-clock policies and/or practices set forth herein.

16   12.    Defendant Starbucks Corporation is a Washington Corporation with its principal

17   place of business in Seattle, Washington.

18   13.    The true names and capacities of persons or entities, whether individual, corporate,

19   associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to

20   Plaintiffs, who therefore sue Defendant by such fictitious names under Code of Civil Procedure §

21   474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants

22   designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

23   to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names

24   and capacities of the Defendants designated hereinafter as DOES when such identities become

25   known. Hereinafter Defendant and the DOE Defendants shall be referred to collectively as

26   "Defendant."

27   14.    All of Plaintiffs' claims stated herein are asserted against Defendant and any of

28

- 4 -
CLASS ACTION COMPLAINT

their owners, predecessors, successors, subsidiaries, and/or assigns.

## V. FACTUAL BACKGROUND

15.     Plaintiffs and Class Members were employed by Defendant at various locations in California as non-exempt, hourly Managers.

16.     All of Plaintiffs' claims stated herein are asserted against Defendant and any of their owners, predecessors, successors, subsidiaries, and/or assigns Defendant operates, and at all times during the liability period, has done business in Marin County, California and throughout California.

17.     Since at least four years prior to the filing of this action, Defendant has maintained and enforced policies and/or practices pursuant to which Plaintiffs and Class Members were required to work off-the-clock while away from the store, including receiving, reviewing and responding to messages via the GroupMe App, the Workplace App, text messages, emails and phone calls, as more fully described herein.

18.     Defendant has maintained these same policies and/or practices or substantially similar ones throughout the Class Period.

19.     Defendant is aware that Managers regularly work off-the-clock in these ways. Plaintiffs' and Class Members' direct supervisors, as well other upper-level managers were themselves included on these messaging applications, texts, and emails. Defendant nevertheless has failed and refuses to compensate Managers for these hours worked.

20.     Plaintiffs and Class Members have been harmed by Defendant's unlawful policies and/or practices in that they have worked off-the-clock for the benefit of Defendant without compensation, in amounts to be proven at trial.

21.     As a result of Defendant's policies and/or practices, Plaintiffs and Class Members worked in excess of eight hours a day or forty hours in a week, but were not compensated for all of this time.

22.     When the uncompensated time is factored in, Plaintiffs and Class Members regularly work over 8 hours per day, necessitating the payment of overtime compensation for

- 5 -
CLASS ACTION COMPLAINT

1    some of the time that they work. But as a result of its policies and/or practices, Defendant fails to

2    Plaintiffs and Class Members the required overtime premium for this time.

3        23.    Defendant does not provide Plaintiffs and Class Members with accurate wage

4    statements as required by California law. Plaintiffs and Class Members receive wage statements

5    that do not reflect all hours worked or applicable overtime premiums.

6        24.    Defendant does not provide Plaintiffs and Class Members with full payment of all

7    wages owed at the end of employment. These workers are owed wages and premium pay for all

8    time worked, as well as overtime. These amounts remain unpaid after voluntary and involuntary

9    termination. As a consequence, Defendant is subject to waiting time penalties.

10        25.    Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful

11    conduct has been widespread, repeated, and consistent as to Class Members and throughout

12    Defendant's operations in California. Defendant knows or should know that its policies and/or

13    practices have been unlawful and unfair.

14        26.    Defendant's conduct was willful, carried out in bad faith, and caused significant

15    damages to Plaintiffs and Class Members in an amount to be determined at trial.

16                      **VI. CLASS ACTION ALLEGATIONS**

17        27.    Plaintiffs bring this action, on behalf of themselves and all others similarly

18    situated, as a class action pursuant to Code of Civil Procedure § 382.  The Class that Plaintiffs

19    seek to represent is composed of and defined as follows:

20

21            All persons who are or have been employed, at any time during the Class

22            Period by Starbucks in California under the job titles Store Manager or

23            Assistant Store Manager.

24
25        28.    This action has been brought and may properly be maintained as a class action

26    under Code of Civil Procedure § 382 because there is a well-defined community of interest in the

    litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of
27
    the Class:
28

- 6 -
CLASS ACTION COMPLAINT

a.  Numerosity:  The potential members of the Class as defined are numerous and therefore joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant has employed hundreds of Store Managers and Assistant Store Managers in California subject to Defendant's policy and/or practice regarding off-the-clock work at all times during the Class Period.  Joinder of all members of the proposed class is not practicable.

b.  Commonality:  There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

(i)  Whether Plaintiffs and Class Members have worked for Defendant without compensation in the discharge of their duties as employees, included but not limited to receiving, reviewing, and responding to messaging applications, texts, emails and phone calls as described herein.

(ii)  Whether Defendant expected Plaintiffs and Class Members to address issues in Defendant's locations as they arose or those related to the general operations of Defendant's locations while they were away from Defendant's store location and off-the-clock.

(iii)  Whether Defendant intended, suffered and permitted, and/or were aware that Plaintiffs and Class Members worked off-the-clock as described herein in the discharge of their duties as employees.

(iv)  Whether Defendant failed to pay Plaintiffs and Class

- 7 -
CLASS ACTION COMPLAINT

Members for all of their hours worked.

    (v)    Whether Defendant's failure to pay Plaintiffs and Class Members for all of their hours worked was the result of, and/or pursuant to, a business policy or regular practice of Defendant.

    (vi)    Whether Defendant violated Cal. Labor Code §§ 200, 204, 1194, and 1198; Cal. Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197; Cal. Labor Code §§ 200, 510, 1194; Cal. Labor Code §§ 226, 1174, 1174.5; Cal. Lab. Code §§ 201-203; Cal. Bus. & Prof. Code § 17200 by failing to pay Plaintiffs and other Class Members for all their hours worked.

    (vii)    The proper formula(s) for calculating restitution, damages, penalties and interest owed to Plaintiffs and the Class Members.

c.    Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Both Plaintiffs and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of wages owed.

d.    Adequacy of Representation:  Plaintiffs are members of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs' interests do not conflict with those of Class Members. Counsel who represent the Plaintiffs are competent and experienced in litigating large wage and hour class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

- 8 -
CLASS ACTION COMPLAINT

e.  Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices described herein.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because the Plaintiffs seek relief that will affect all Class Members in a common way, and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining their unlawful off-the-clock policies and/or practices, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment.  If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs, burdens, and risks of litigation.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to Labor Code §§ 200, 204, 1194, and 1198**
**(On Behalf of the Class)**

29.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

1  forth herein.

2      30.   Plaintiffs allege that Defendant willfully engaged and continues to engage in a

3  policy and practice of not compensating Plaintiffs and Class Members for all hours worked or

4  spent in Defendant's control.

5      31.   Defendant regularly requires Plaintiffs and Class Members to perform

6  uncompensated off-the-clock work, as described here.

7      32.   Labor Code § 200 defines wages as "all amounts for labor performed by

8  employees of every description, whether the amount is fixed or ascertained by the standard of

9  time, task, piece, commission basis or method of calculation."

10      33.   Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any

11  employment are due and payable twice during each calendar month…."

12      34.   Labor Code § 1194(a) provides as follows:

13          Notwithstanding any agreement to work for a lesser wage, any employee receiving
   less than the legal minimum wage or the legal overtime compensation applicable to
14          the employee is entitled to recover in a civil action the unpaid balance of the full
   amount of this minimum wage or overtime compensation, including interest
15          thereon, reasonable attorneys' fees, and costs of suit.

16      35.   Labor Code § 1198 makes it unlawful for employers to employ employees under

17  conditions that violate the Wage Order.

18      36.   IWC Wage Order 5-2001(2)(K)   defines hours worked as "the time during which

19  an employee is subject to the control of an employer, and includes all the time the employee is

20  suffered or permitted to work, whether or not required to do so."

21      37.   In violation of California law, Defendant knowingly and willfully refuses to

22  perform its obligation to provide Plaintiffs and Class Members with compensation for all time

23  worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein

24  knowingly and willfully, and in conscious disregard of Plaintiffs' and Class Members' rights.

25  Plaintiffs and Class Members are thus entitled to recover nominal, actual, and compensatory

26  damages, plus interest, attorneys' fees, expenses and costs of suit.

27      38.   As a proximate result of the aforementioned violations, Plaintiffs and Class

28

EX. A, PAGE 12

1    Members have been damaged in an amount according to proof at time of trial.

2        39.     Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

3                         **SECOND CAUSE OF ACTION**
                          **Failure to Pay Minimum Wage**
4        **Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, and 1197**
                          **(On Behalf of the Class)**
5

6        40.     Plaintiffs re-allege and incorporates the foregoing paragraphs as though fully set

7    forth herein.

8        41.     Defendant fails to compensate Plaintiffs and Class Members with at least the

9    minimum wage for all hours worked or spent in Defendant's control.

10       42.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197,

11   and the Minimum Wage Order were in full force and effect and required that employees receive

12   the minimum wage for all hours worked.  Certain municipalities in California also have their own

13   minimum wage rates.

14       43.     IWC Wage Order 5-2001(2)(K) define hours worked as "the time during which an

15   employee is subject to the control of an employer, and includes all the time the employee is

16   suffered or permitted to work, whether or not required to do so."

17       44.     Labor Code § 1194(a) provides as follows:

18           Notwithstanding any agreement to work for a lesser wage, any employee receiving
             less than the legal minimum wage or the legal overtime compensation applicable to
19           the employee is entitled to recover in a civil action the unpaid balance of the full
             amount of this minimum wage or overtime compensation, including interest
20           thereon, reasonable attorneys' fees, and costs of suit.

21       45.     Because of Defendant's policies and/or practices with regard to compensating

22   Plaintiffs and Class Members, Defendant has failed to pay minimum wages as required by law.

23   Plaintiffs and Class Members frequently perform work for which they are compensated below

24   the statutory minimum, as determined by the IWC.

25       46.     Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages

26   because of the payment of a wage less than minimum wage fixed by an order of the commission,

27   an employer shall be entitled to recover liquidated damages in an amount equal to the wages

28

1    unlawfully unpaid and interest thereon.

2        47.    California law further requires that employers pay their employees for all hours

3    worked at the statutory or agreed upon rate. No part of the rate may be used as a credit against a

4    minimum wage obligation.

5        48.    By failing to maintain adequate time records as required by Labor Code §1174(d)

6    and IWC Wage Order 5-2001(7), Defendant has made it difficult to calculate the minimum wage

7    compensation due to Plaintiffs and Class Members.

8        49.    Plaintiffs and Class Members have been deprived of minimum wages in an amount

9    to be proven at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus

10   interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2, and

11   1197.1.

12       50.    Wherefore, Plaintiffs and the Class Members request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Pursuant to Labor Code §§ 200, 510, and 1194**
**(On Behalf of the Class)**

16       51.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

17   forth herein.

18       52.    Defendant does not properly compensate Plaintiffs and Class Members with

19   appropriate overtime premiums, including time and a half premiums based on their regular rate

20   of pay, as required by California law.

21       53.    Labor Code § 510(a) provides as follows:

22       Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
         one workday and any work in excess of 40 hours in any one workweek and the first
23       eight hours worked on the seventh day of work in any one workweek shall be
         compensated at the rate of no less than one and one-half times the regular rate of
24       pay for an employee. Any work in excess of 12 hours in one day shall be
         compensated at the rate of no less than twice the regular rate of pay for an
25       employee. In addition, any work in excess of eight hours on any seventh day of a
         workweek shall be compensated at the rate of no less than twice the regular rate of
26       pay of an employee. Nothing in this section requires an employer to combine more
         than one rate of overtime compensation in order to calculate the amount to be paid
27       to an employee for any hour of overtime work.

28

54. IWC Wage Order 5-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

55. Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

56. Labor Code § 200 defines wages as "all amounts of labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

57. Defendant's policies and/or practices of requiring Plaintiffs and Class Members to perform work off-the-clock is unlawful and results in overtime violations. As a result of this unlawful policy, Plaintiffs and Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Orders, and other applicable law.

58. Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and Class Members for all premium wages for overtime work. Defendant is liable to Plaintiffs and Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs and Class Members are entitled to an award of attorneys' fees and costs as set forth below.

- 13 -
CLASS ACTION COMPLAINT

59.    As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

60.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code § 226, 1174, and 1174.5**
**(On Behalf of the Class)**

61.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

62.    Defendant does not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law.

63.    Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

64.    IWC Wage Order 5-2001(7) also provides for this requirement.

65.    Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

66.    Labor Code § 1174 provides in part:

Every person employing labor in this state shall: (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.

67.    Defendant does not willfully provide timely, accurate itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code §§ 226(a) and 1174(d) and the IWC Wage Orders.  The wage statements Defendant provides to employees, including Plaintiffs and Class Members, do not accurately reflect the premium pay to which they are entitled to for the actual hours worked, the actual gross wages earned, the actual net wages earned, and the actual hourly rate(s).

68.    As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e) and penalties pursuant to Labor Code § 1174.5.

69.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Waiting Time Penalties**
**Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

70.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

71.    Defendant does not provide Plaintiffs and Class Members with their wages when due under California law after their employment with Defendant ends.

72.    Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

73.    Labor Code § 202(a) provides:

- 15 -
CLASS ACTION COMPLAINT

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74. Labor Code § 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

75. Some of the Class Members, including Plaintiffs, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant which went unrecorded and/or uncompensated.

76. Defendant willfully refused and continues to refuse to pay Plaintiffs and Class Members all the wages that were due and owed to them upon the end of their employment, in the form of wages owed for uncompensated, off-the-clock work, as well as unpaid overtime. As a result of Defendant's actions, Plaintiffs and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

77. Defendant's willful failure to pay Plaintiffs and Class Members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiffs and Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

78. Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiffs and Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

79. As a proximate result of the aforementioned violations, Defendant is liable to Plaintiffs and Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

80. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

- 16 -

# SIXTH CAUSE OF ACTION
## Unlawful Business Practices
### Pursuant to California Business and Professions Code §§ 17200, *et seq.*
### (On Behalf of the Class)

81.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

82.    Business and Professions Code §§ 17200 *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

83.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

84.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

85.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

  a.    violations of Labor Code §§ 200, 204, 1194, and 1198 and IWC Wage Orders pertaining to the payment of wages for all hours worked;

  b.    violations of Labor Code §§ 1182.11, 1182.12, 1194.2, and 1197 and IWC Wage Orders pertaining to minimum wage;

  c.    violations of Labor Code § 510 and IWC Wage Orders pertaining to overtime;

  d.    violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

  e.    violations of Labor Code §§ 226 and 1174 regarding accurate, timely itemized wage statements; and

  f.    violations of Labor Code §§ 201-203.

- 17 -
CLASS ACTION COMPLAINT

86.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

87.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs and Class Members wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

88.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices alleged above.

89.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

90.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and Class Members are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated. Plaintiffs and Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

91.    Plaintiffs herein take it upon themselves to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

EX. A, PAGE 20

1   public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them

2   to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to

3   Code of Civil Procedure §1021.5 and otherwise.

4          92. Wherefore, Plaintiffs and Class Members request relief as hereinafter provided.

5   **DEMAND FOR JURY TRIAL**

6          Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are

7   entitled to a jury.

8   **PRAYER FOR RELIEF**

9          WHEREFORE, Plaintiffs pray for relief as follows:

10  a)   Damages and restitution according to proof at trial for all unpaid wages and other

11        injuries, with interest thereon, as provided by the California Labor Code and other laws

12        of the State of California;

13  b)   For a declaratory judgment that Defendant has violated the California Labor Code, the

14        laws of the State of California, and California public policy as alleged herein;

15  c)   For a declaratory judgment that Defendant has violated California Business and

16        Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the

17        California Labor Code and of California public policy protecting wages;

18  d)   For an equitable accounting to identify, locate, and restore to all current and former

19        employees the wages they are due, with interest thereon;

20  e)   For an order awarding Plaintiffs and Class Members compensatory damages, including

21        lost wages, earnings, liquidated damages, and other employee benefits, restitution,

22        recovery of all money, actual damages, and all other sums of money owed to Plaintiffs

23        and Class Members, together with interest on these amounts, according to proof;

24  f)   For an order awarding Plaintiffs and Class Members civil penalties pursuant to the

25        California Labor Code and the laws of the State of California, with interest thereon;

26  g)   For an award of reasonable attorneys' fees as provided by the California Labor Code,

27        California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or

28

1     other applicable law;

2     h)   For all costs of suit; and,

3     i)   For such other and further relief as this Court deems just and proper.

DATED:  November 16, 2020          WYNNE LAW FIRM

By: Edward J. Wynne